**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARTA ROMERO, FABIANA SANTOS, GLADYS FUENTES, SANTIAGO CRUZ, and MILAGRO ALVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>McCORMICK & SCHMICK RESTAURANT CORP. d/b/a McCORMICK & SCHMICK'S SEAFOOD RESTAURANT,<br><br>Defendant. | C.A. No. 1:18-cv-10324-IT |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

Now comes Defendant McCormick & Schmick Restaurant Corp. ("Defendant")[1] by and through its attorneys and for its Answer to the Complaint and Jury Demand of Marta Romero, Fabiana Santos, Gladys Fuentes, Santiago Cruz and Milagros Alvarez's (collectively "Plaintiffs") states as follows:

**Introduction**

1. Defendant specifically denies that Plaintiffs were subject to sexual harassment at any time while working for Defendant. Further answering, paragraph 1 contains a description of the action and sets forth legal conclusions to which responses are not required. To the extent any response is required, Defendant denies the allegations in paragraph 1.

---

[1]   Defendant notes that it does not operate under a formally registered d/b/a.

2. Defendant specifically denies that Plaintiffs were subject to sexual harassment or a sexually abusive work environment at any time while working for Defendant. Further answering, paragraph 2 contains a description of the action and sets forth legal conclusions to which responses are not required. To the extent any response is required, Defendant denies the allegations in paragraph 2.

## Parties

3. Defendant admits that Marta Romero, known to Defendant as Marta Brioso, was employed by Defendant at the Faneuil Hall location from August 3, 2011 to September 16, 2015 and worked as a dishwasher and maintenance (cleaning). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and, accordingly, they are denied;

4. Defendant admits that Fabiana Santos was employed by Defendant at the Faneuil Hall location from April 23, 2002 to September 9, 2015 and worked as a prep cook. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and, accordingly, they are denied;

5. Defendant admits that Gladys Fuentes was employed by Defendant at the Faneuil Hall location from May 6, 2015 to August 3, 2017 and worked as a prep cook and in kitchen training. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5, and, accordingly, they are denied;

6. Defendant admits that Santiago Cruz was employed by Defendant at the Faneuil Hall location from May 18, 2009 to November 14, 2017 and worked as a prep cook. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and, accordingly, they are denied;

7.     Defendant admits that Milagro Alvarez was employed by Defendant at the Faneuil Hall location from April 26, 2012 to January 7, 2018 and worked as a dishwasher and maintenance (cleaning).  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and, accordingly, they are denied;

**8.**     Defendant admits that it is a foreign corporation doing business in Massachusetts, except to clarify that its principal place of business is located at 1510 W. Loop South, Houston, Texas, 77027.  The third sentence in paragraph 8 directly references Defendant's website, which speaks for itself.  Defendant admits that it is a subsidiary of Landry's, Inc.  Defendant denies the remaining allegations in paragraph 8.

**Facts**

9.     Defendant admits that Roman Buruca began working for Defendant at the Faneuil Hall location as a Sous Chef on December 9, 2013.  The remaining allegations in paragraph 9 set forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the same.

10.    Defendant admits the allegations in paragraph 10, except to clarify that that Jesus Vasquez Lopez began working for Defendant at the Faneuil Hall location as a dishwasher on April 11, 2014.

11.    Defendant admits the allegations in paragraph 11, except to clarify that Barry Young was the General Manager at Defendant's Faneuil Hall location from December 31, 2014 to June 17, 2015.

12.    Defendant admits the allegations in paragraph 12, except to clarify that Executive Chef Aaron Hopp transferred to Defendant's Faneuil Hall location on May 4, 2015.

13.     Defendant admits the allegations in paragraph 13, except to clarify that David Wilson became the General Manager at Defendant's Faneuil Hall location on or about June 18, 2015;

**Marta Romero's Experience of Sexual Harassment**

14.     Defendant denies the allegations in paragraph 14;

15.     Defendant denies the allegations in paragraph 15;

16.     Defendant denies the allegations in paragraph 16;

17.     Defendant denies the allegations in paragraph 17;

18.     Defendant denies the allegations in paragraph 18;

19.     Defendant denies the allegations in paragraph 19;

20.     Defendant denies the allegations in paragraph 20;

21.     Defendant denies the allegations in paragraph 21;

22.     Paragraph 22 sets forth a legal conclusion to which no response is required. Moreover, Defendant specifically denies that Ms. Romero was subject to sexual harassment while working for Defendant.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies the remaining allegations in paragraph 22;

23.     Paragraph 23 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 23;

**Fabiana Santos' Experience of Sexual Harassment**

24.      Defendant denies the allegations in paragraph 24;

25.      Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies any allegation relating to Plaintiff's "feeling." Defendant denies the remaining allegations in paragraph 25;

26. Defendant denies the allegations in paragraph 26;

27. Defendant denies the allegations in paragraph 27;

28. Defendant denies the allegations in paragraph 28;

29. Defendant denies the allegations in paragraph 29;

30. Defendant denies the allegations in paragraph 30;

31. Defendant denies the allegations in paragraph 31;

32. Defendant denies the allegations in paragraph 32;

33. Paragraph 33 sets forth a legal conclusion to which no response is required. Moreover, Defendant specifically denies that Ms. Santos was subject to sexual harassment while working for Defendant. Further answering, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies the remaining allegations in paragraph 33;

34. Paragraph 34 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 34;

**Gladys Fuentes' Experience of Sexual Harassment**

35. Defendant denies the allegations in paragraph 35;

36. Defendant denies the allegations in paragraph 36;

37. Defendant denies the allegations in paragraph 37;

38. Defendant denies the allegations in paragraph 38;

39. Defendant denies the allegations in paragraph 39;

40. Defendant denies the allegations in paragraph 40;

41. Paragraph 41 sets forth a legal conclusion to which no response is required. Moreover, Defendant specifically denies that Ms. Fuentes was subject to sexual harassment while working

for Defendant.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies the remaining allegations in paragraph 41;

42.     Paragraph 42 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 42;

### Santiago Cruz's Experience of Sexual Harassment

43.     Defendant denies the allegations in paragraph 43;

44.     Defendant denies the allegations in paragraph 44;

45.     Defendant denies the allegations in paragraph 45;

46.     Defendant denies the allegations in paragraph 46;

47.     Defendant denies the allegations in paragraph 47;

48.     Defendant denies the allegations in paragraph 48;

49.     Defendant denies the allegations in paragraph 49;

50.     Defendant denies the allegations in paragraph 50;

51.     Paragraph 51 sets forth a legal conclusion to which no response is required. Moreover, Defendant specifically denies that Ms. Cruz was subject to a sexually offensive work environment while working for Defendant.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies the remaining allegations in paragraph 51;

52.     Paragraph 52 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 52;

### Milagro Alvarez's Experience of Sexual Harassment

53.     Defendant denies the allegations in paragraph 53;

54. Defendant denies the allegations in paragraph 54;

55. Defendant denies the allegations in paragraph 55;

56. Paragraph 56 sets forth a legal conclusion to which no response is required. Moreover, Defendant specifically denies that Ms. Alvarez was subject to a sexually offensive work environment while working for Defendant. Further answering, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's state of mind, and, accordingly, denies the remaining allegations in paragraph 56;

57. Paragraph 57 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 57;

## Human Resources Investigation

58. Defendant admits that on July 2, 2015, Plaintiffs met with David Wilson, General Manager, and Defendant's Banquet Coordinator. Defendant denies the remaining allegations in paragraph 58.

59. Defendant admits that it conducted interviews with employees as part of its investigation. Defendant is without knowledge or information sufficient to form a belief as to the meaning of "all involved parties" as stated, and, accordingly, denies the same. Defendant denies any remaining allegations in paragraph 59.

60. Defendant admits that it issued a Disciplinary Action Report to Mr. Young. Defendant denies the remaining allegations in paragraph 60 as stated.

61. Defendant admits that it issued a Disciplinary Action Report to Mr. Hopp. Defendant denies the remaining allegations in the first sentence of paragraph 61 as stated. The second sentence of paragraph 61 quotes directly from Defendant's position statement submitted to the

Massachusetts Commission Against Discrimination, which speaks for itself. Defendant denies any remaining allegations in paragraph 61.

62.     Defendant admits that Mr. Buruca was suspended for one week without pay. The portion of paragraph 62 identified with quotation marks quotes directly from Defendant's position statement submitted to the Massachusetts Commission Against Discrimination, which speaks for itself. Defendant denies any remaining allegations in paragraph 62.

63.     Defendant admits that it terminated Jesus Vazquez's employment on July 10, 2015. The portion of paragraph 63 identified with quotation marks quotes directly from Defendant's position statement submitted to the Massachusetts Commission Against Discrimination, which speaks for itself. Defendant denies any remaining allegations in paragraph 63.

64.     Paragraph 64 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 64;

## Exhaustion of Administrative Remedies

65.     Paragraph 65 is a description of the procedural history in this action and sets forth legal conclusions to which responses are not required. To the extent any response is required, Defendant denies the allegations in paragraph 65.

## Count I: Discrimination
## M.G.L. c. 151B

66.     Defendant incorporates by reference its responses to paragraphs 1 through 65 making them its answer to paragraph 66;

67.     Paragraph 67 sets forth legal conclusions to which responses are not required. To the extent any response is required, Defendant denies the allegations in paragraph 67.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "wherefore" clause of the Complaint.

## DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following general and affirmative defenses. Nothing stated in any of these defenses constitutes a concession that Defendant bears any burden of proof regarding any issue on which it would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, due to insufficiency of process or insufficiency of service of process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were at all times proper, lawful, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to exhaust administrative remedies or meet all jurisdictional prerequisites to bringing this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, the charge filed with the Massachusetts Commission Against Discrimination and/or Equal Employment Opportunity Commission.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a necessary party to this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant did not act intentionally, maliciously, willfully, or negligently.

### NINTH AFFIRMATIVE DEFENSE

Defendant has in place a clear and well-disseminated policy against discrimination, harassment and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  To the extent Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiffs' claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Defendant took reasonable care to avoid discriminating conduct, and other forms of improper behavior, by persons for whom Defendant was responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly mitigate their damages as required by law.

### TWELFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were caused in whole or in part by a person or persons for whose conduct Defendant is not legally responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, ratification, laches, and unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset, setoff, or recoupment with respect to any damages allegedly suffered by Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims for damages or relief asserted in the Complaint are barred because such damages or relief are limited by statute or not available under applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any harassing behavior.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs claim punitive damages, Plaintiffs are not entitled to same.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of the claims for damages or relief asserted in the Complaint are barred because such claims are preempted by the Workers' Compensation Act.

### TWENTIETH AFFIRMATIVE DEFENSE

Any alleged emotional distress claimed by Plaintiffs was not so intense or of such duration that no ordinary person should be expected to endure it.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any emotion distress suffered or claimed to have been suffered by Plaintiffs was not reasonable or justified under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, may not be litigated in court because some or all of Plaintiffs' claims may be subject to individual, mandatory, and binding arbitration.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend its Answer and to assert such defenses.

### JURY DEMAND

Defendant hereby demands a jury trial on all claims and issues so triable.

WHEREFORE, Defendant requests:

(1)  That the Complaint be dismissed with prejudice;

(2)  That Defendant be awarded its costs and attorneys' fees; and

(3)  For such other and further relief as the Court deems proper.

Respectfully submitted,

**MCCORMICK & SCHMICK RESTAURANT CORP. D/B/A MCCORMICK & SCHMICK'S SEAFOOD RESTAURANT**

By its attorneys,

*/s/ Daniel S. Field*
Daniel S. Field (BBO #560096)
Allison B. Cherundolo (BBO #681632)
**MORGAN, BROWN & JOY, LLP**
200 State Street, Floor 11
Boston, MA 02109-2605
T: (617) 523-6666
F: (617) 367-3125
E: dfield@morganbrown.com

Dated: February 27, 2018                 E: acherundolo@morganbrown.com

**CERTIFICATE OF SERVICE**

I, Allison B. Cherundolo, certify that on February 27, 2018, this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to any persons indicated as non-registered participants.

*/s/ Allison B. Cherundolo*
Allison B. Cherundolo, Esq.