# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTA ROMERO, FABIANA SANTOS, GLADYS FUENTES, SANTIAGO CRUZ, and MILAGRO ALVAREZ,<br><br>   **Plaintiffs,**<br><br> v.<br><br>McCORMICK & SCHMICK RESTAURANT CORP. d/b/a McCORMICK & SCHMICK'S SEAFOOD RESTAURANT,<br><br>   **Defendant.** | C.A. No. 18-10324-IT |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the United States Court for the District of Massachusetts, Defendant McCormick & Schmick Restaurant Corp. ("Defendant" or "M&S")[1] hereby makes the following statement of material facts as to which no genuine issue remains to be tried.[2]

### I. The Parties

1. Milagro Alvarez ("Plaintiff" or "Alvarez"), was employed by McCormick & Schmick Restaurant Corp. ("M&S" or the "Company") as a dishwasher and cleaner at the Faneuil Hall location from April 26, 2012 through January 7, 2018, when she resigned her employment. (Answer to Complaint ("Answer"), ECF No. 6 at ¶ 7; Deposition of Milagro Alvarez Garcia, dated November 1, 2018 ("Alvarez Dep.") at pp. 12, 31, 106 attached as Exhibit ("Ex.") A to the Declaration of Allison Cherundolo, dated May 28, 2019 ("Cherundolo Dec.")).

---

[1] Defendant notes that it does not operate under a formally registered d/b/a.
[2] Defendant accepts the facts as set forth herein as true and undisputed for purposes of this motion only.

2. Marta Romero was employed by the Company as a dishwasher and cleaner at the Faneuil Hall location from August 3, 2011 through September 16, 2015. (Answer at ¶ 3).

3. Gladys Fuentes was employed by the Company as a prep cook at the Faneuil Hall location from May 6, 2015 through August 3, 2017. (Answer at ¶ 5).

4. Roman Buruca was employed by the Company as a Sous Chef at the Faneuil Hall location from December 9, 2013 through August 21, 2015. (Answer at ¶ 9; Roman Buruca Resignation Letter dated August 21, 2015, attached as Ex. B to Cherundolo Dec).

5. Aaron Hopp was employed by the Company as the Executive Chef at the Faneuil Hall location from May 4, 2015 through May 28, 2016. (Answer at ¶ 12; Aaron Hopp Resignation Letter, dated April 26, 2016, attached as Ex. C to Cherundolo Dec.).

6. David Wilson was employed by the Company as the General Manager at the Faneuil Hall location starting on or about June 18, 2015. (Answer at ¶ 13).

7. Ms. Romero, Ms. Fuentes, Fabiana Santos and Santiago Cruz allege that they were the objects of numerous harassing acts and statements during their employment with the Company. (Complaint and Jury Demand ("Complaint"), ECF No. 1, Ex. 1 at ¶¶ 14-52).

## II. Incidents Observed by Plaintiff

8. Alvarez contends that during her employment she observed Mr. Buruca and Mr. Hopp engage in behavior that forms the basis of her claim. (Complaint at ¶¶ 53-56).

9. According to Alvarez, starting in 2015 she "would always see" Mr. Buruca hugging Ms. Romero and that Ms. Romero appeared bothered by Mr. Buruca's behavior. (Alvarez Dep. at p.p. 34-36). When pressed to quantify the frequency of this behavior, she estimated that she saw Mr. Buruca hug Ms. Romero "over twenty times". (Alvarez Dep. at pp. 33-35).

10. Alvarez testified that on some occasions when Mr. Buruca hugged Ms. Romero she observed that he placed his hands around her waist and on five occasions touched her breasts with both hands.  (Alvarez Dep. at pp. 35-36).

11. Alvarez testified that she heard Mr. Buruca refer to Ms. Romero as "Martita", which Alvarez interpreted as a diminutive term, and told Ms. Romero that she "was going to be his." (Alvarez Dep. at pp. 37-38).

12. Contrary to Ms. Alvarez, Ms. Romero testified that Mr. Buruca touched her breast with one hand on two occasions.  (Deposition of Marta Romero, dated October 29, 2018 ("Romero Dep.") at pp. 59, attached as Ex. D to Cherundolo Dec.).

13. Alvarez testified that she also observed Mr. Buruca hug Maria Alvarez, another kitchen employee, "on many occasions."  (Alvarez Dep. at pp. 39-40, 104).  Alvarez believed Maria Alvarez was annoyed by Mr. Buruca and did not hug Mr. Buruca back.  (Alvarez Dep. at pp. 39-40, 43).

14. Alvarez testified unequivocally that Mr. Buruca never touched her.  (Alvarez Dep. at p. 105).  She initially testified that Mr. Buruca never tried to touch her, but later changed her story indicating that on one single occasion, he tried to give her a hug in greeting, but he did not actually do so.  (Alvarez Dep. at pp. 44, 106).

15. Alvarez also alleges that on one occasion she observed an interaction between Ms. Fuentes and Mr. Hopp wherein Ms. Fuentes asked Mr. Hopp to prepare some food for her and Mr. Hopp responded by saying "did you want something to eat? And, here eat this, he said about the penis."  (Alvarez Dep. at pp. 45-46).

16. Alvarez testified that she was afraid to go to work with Mr. Buruca and Mr. Hopp. (Complaint at ¶ 56; Alvarez Dep. at pp. 44-45, 47).

17. Alvarez testified that as a result of the events she observed, on occasion her blood pressure would increase, but would return to normal after she drank some water; that she had some difficulty sleeping, but that condition was cured by mint tea; and that she lost approximately five pounds, but her doctor was pleased by a reduction in her weight.  (Alvarez Dep. at pp. 88-92).

18. Notably, Alvarez unequivocally stated that none of these conditions interfered with her ability to perform her job duties at M&S.  (Alvarez Dep. at p. 102).

19. Alvarez and the other plaintiffs met with Mr. Wilson on July 2, 2015 and complained about Mr. Hopp and Mr. Buruca.  (Alvarez Dep. at p. 47-48).  This was the first time Alvarez ever made a complaint to a supervisor or manager at the Company regarding the behavior of Mr. Hopp or Mr. Buruca.  (Alvarez Dep. at pp. 72-73, 93-94).  Indeed, it was the only complaint she made during her employment.  (Alvarez Dep. at p. 96).  She testified that she was aware that she could have reported the behavior immediately as it had occurred, but did not do so.  (Alvarez Dep. at p. 67).

Respectfully submitted,

**MCCORMICK & SCHMICK RESTAURANT CORP. D/B/A MCCORMICK & SCHMICK'S SEAFOOD RESTAURANT**

By its attorneys,

*/s/ Allison B. Cherundolo*
Daniel S. Field (BBO #560096)
Allison B. Cherundolo (BBO #681632)
**MORGAN, BROWN & JOY, LLP**
200 State Street, Floor 11
Boston, MA 02109-2605
T: (617) 523-6666
F: (617) 367-3125
E: dfield@morganbrown.com
E: acherundolo@morganbrown.com

Dated:  May 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the ECF system on this date, and that a true paper copy of this document will be sent to those indicated as non-registered participants on the Notice of Electronic Filing by first class mail on the same date.

Dated: May 28, 2019              */s/ Allison B. Cherundolo*
                                  Allison B. Cherundolo